31 F.3d 70
 LaFARGE COPPEE and Financiere LaFarge Coppee, Plaintiffs-Appellees,
v.
VENEZOLANA DE CEMENTOS, S.A.C.A., C.A. Vencemos Pertigalete,
Promotora Nuevos Desarrollos, C.A., Delaban Holdings, Inc.
and Eugenio Mendoza, Chairman of the Consejo De Coordination
De Las Empresas Mendoza, Defendants-Appellants.
 No. 1740, Docket 94-7591.
 United States Court of Appeals,
Second Circuit.
 Argued June 21, 1994.
Decided Aug. 2, 1994.
 
 William H. Voth, New York City (Arnold & Porter, on the brief), for defendants-appellants.
 Paul D. Friedland, New York City (Coudert Brothers, on the brief), for plaintiffs-appellees.
 Before: NEWMAN, Chief Judge, VAN GRAAFEILAND and LEVAL, Circuit Judges.
 JON O. NEWMAN, Chief Judge:
 
 
 1
 This motion to stay a remand order calls into question the appealability of an order remanding to state court an action removed pursuant to 9 U.S.C. Sec. 205 (1988), which permits removal "before the trial" of an action that relates to an arbitration agreement or award governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, opened for signature June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, reprinted in 9 U.S.C.A. Sec. 201 note (West Supp.1994). Our appellate jurisdiction is at issue on a motion by defendants-appellants for a stay of the June 15, 1994, remand order entered by the District Court for the Southern District of New York (Loretta A. Preska, Judge). We conclude that we lack appellate jurisdiction and therefore dismiss the appeal, and deny the motion as moot. We also conclude that if appellate jurisdiction were available, we would affirm.
 
 Background
 
 2
 The plaintiffs-appellees are French corporations engaged in the manufacture, sale, and distribution of cement and other construction products. The defendants-appellants are three Venezuelan corporations, a Virgin Islands-based corporation, and a Venezuelan individual. On March 29, 1994, the plaintiffs filed a request for arbitration in New York pursuant to the rules of the International Chamber of Commerce and arbitration agreements between the parties. The next day, March 30, the plaintiffs filed a petition in New York Supreme Court for an injunction in aid of arbitration, pursuant to N.Y.Civ.Prac. L. & R. 7502(a), (c) (McKinney Supp.1994). The petition sought to bar the defendants from taking any steps toward consummation of a planned transfer of control and management of a joint venture among the parties pending the arbitration tribunal's ruling on plaintiffs' demand for interim relief. The State Court, acting ex parte, immediately issued an order to show cause why the injunction should not be issued. A hearing on the show cause order was scheduled for April 5. Counsel for the defendants allege that they first became aware of the show cause order on April 4.
 
 
 3
 On April 5, a brief hearing was held in State Court. At the conclusion of the hearing, the Court issued an injunction to be in force "until such time as the arbitrators rule on petitioners' request for interim relief" in the pending arbitration. The injunction, among other things, bars the defendants from taking further steps toward the consummation of a threatened transfer of control and management of the parties' joint venture to the Cemex Group and from holding a shareholders' meeting, scheduled for April 6, "insofar as the shareholders at such meeting may act upon the Cemex transfer." The injunction orders the plaintiffs to submit promptly their request for interim relief to be ruled on by the arbitrators.
 
 
 4
 Thereafter, the plaintiffs sought to hold the defendants in contempt of the April 5 injunction, the defendants appealed the injunction to the Appellate Division, and the State trial court granted a stay of the contempt proceedings. On April 28, the Appellate Division denied the defendants' request for orders vacating the injunction, staying the injunction, and vacating the contempt proceeding.
 
 
 5
 At that point the defendants sought to remove the state court action to the District Court. On May 11 the plaintiffs moved to remand the action to the State Court. The District Court granted the remand request on June 15 on the ground that the removal had been untimely, and denied a request for a stay pending appeal. Appellants then filed the pending appeal of the remand order and moved for a stay.
 
 Discussion
 
 6
 We consider first our appellate jurisdiction. When Congress amended the Federal Arbitration Act in 1970 to implement the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, it made special, limited provision for removal of actions commenced in state courts:
 
 
 7
 Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.
 
 
 8
 Pub L. No. 91-368, Sec. 1, 84 Stat. 692 (1970), codified at 9 U.S.C. Sec. 205 (1988) ("Section 205"). Section 205 expressly provides, with an exception not relevant to this case, that "[t]he procedure for removal of causes otherwise provided by law shall apply...." This language renders applicable the remand provisions of 28 U.S.C. Sec. 1447(c), (d) (1988). See In re Ocean Marine Mutual Protection & Indemnity Ass'n, 3 F.3d 353, 355-56 (11th Cir.1993); In re Amoco Petroleum Additives Co., 964 F.2d 706, 712 (7th Cir.1992).
 
 Subsection 1447(d) provides:
 
 9
 An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise [unless removed pursuant to 28 U.S.C. Sec. 1443, the civil rights removal provision].
 
 
 10
 Despite the apparent sweep of this prohibition on review of remand orders, the Supreme Court has construed subsection 1447(d) to prohibit review only of remand orders issued pursuant to subsection 1447(c). See Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 346, 96 S.Ct. 584, 590, 46 L.Ed.2d 542 (1976). Subsection 1447(c) authorizes a remand "on the basis of any defect in removal procedure" or because "the district court lacks subject matter jurisdiction." See Hamilton v. Aetna Life & Casualty Co., 5 F.3d 642, 644 (2d Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1100, 127 L.Ed.2d 413 (1994).
 
 
 11
 The defendants contend that their appeal is not barred by subsection 1447(d) because the District Court exercised what they deem "discretion" in interpreting section 205 of the Arbitration Act, and, their argument continues, a remand order in the exercise of such "discretion" is not made pursuant to subsection 1447(c). Reliance is placed on Minot v. Eckardt-Minot, 13 F.3d 590 (2d Cir.1994), and Travelers Insurance Co. v. Keeling, 996 F.2d 1485 (2d Cir.1993). We find the argument unconvincing.
 
 
 12
 The District Court ordered the action remanded upon concluding that the case had not been removed "before the trial," a procedural condition imposed by section 205. This was a construction of a statute, not an exercise of discretion. Moreover, the Court remanded for a "defect in removal procedure," Hamilton, 5 F.3d at 644, ruling that removal had occurred too late. Cf. 28 U.S.C. Sec. 1446(b) (requiring removal within thirty days of receipt of an initial pleading). Minot and Travelers are distinguishable. In Minot the remand order was deemed appealable because "the District Court invoked abstention doctrines, rather than a jurisdictional defect." Minot, 13 F.3d at 592. In Travelers the remand order was deemed appealable, to the extent that it was final, because the "order was based upon a waiver of the right of removal," a ground deemed beyond the scope of subsection 1447(c). Travelers, 996 F.2d at 1488 n. 2. In the pending case, the remand was ordered on grounds covered by subsection 1447(c), and appellate jurisdiction is therefore unavailable under subsection 1447(d).
 
 
 13
 We need not consider the various exceptions to subsection 1447(d)'s bar against appellate review, found applicable by other courts, see, e.g., Carr v. American Red Cross, 17 F.3d 671, 680 (3d Cir.1994) (remand order reviewable where district court's underlying dispositive order, whether substantive or jurisdictional, is separable from subsequent order of remand, is final, and triggers remand order); In re Shell Oil Co., 932 F.2d 1518, 1520-21 (5th Cir.1991) (remand order reviewable where remand based on untimely motion to remand for defect in removal procedure), cert. denied, --- U.S. ----, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992); Clorox Co. v. United States District Court for Northern District of California, 779 F.2d 517, 520 (9th Cir.1985) (remand order reviewable where remand grounded on underlying nonjurisdictional and substantive order on the merits), because the facts of this case fit it squarely within the category of cases in which no review is permitted. Here, the motion for remand was timely, and the motion was granted solely on the basis of a defect in the removal procedure--lateness of the removal petition. The remand order was therefore well within the terms of subsection 1447(c).
 
 
 14
 It is also unnecessary to consider whether the 1988 amendment to subsection 1447(c), Pub.L. No. 100-702, tit. X, Sec. 1016(c), 102 Stat. 4670, which replaced prior language allowing a remand where a case has been "removed improvidently" with new language allowing a remand where there was a "defect in removal procedure," narrowed the statutory grounds for a section 1447(c) remand, thereby enlarging the category of remand orders that could be appealed notwithstanding section 1447(d). See In re Medscope Marine Ltd., 972 F.2d 107 (5th Cir.1992); In re Shell Oil Co., 932 F.2d at 1520; Rothner v. City of Chicago, 879 F.2d 1402, 1411-12 (7th Cir.1989). The remand order here was clearly supported by the amended language in subsection 1447(c) as the order was based on a "defect in removal procedure."
 
 
 15
 Even if we had appellate jurisdiction, we would agree with the District Court that the case was improperly removed because it was not removed "before the trial." Though the proceedings in the State Court were brief, they resulted in an adjudication of the entirety of the claim that the plaintiffs tendered for decision. Their petition sought an injunction, in aid of arbitration, for the interim period between issuance of the injunction and "such time as the arbitrators are able to rule on petitioners' request for interim relief in the arbitration." Though captioned as a request for a "preliminary injunction," the petition in reality sought what is more properly termed "a final injunction ... of limited duration." See Guinness-Harp Corp. v. Jos. Schlitz Brewing Co., 613 F.2d 468, 471 (2d Cir.1980) (injunction to preserve status quo pending arbitration). As in Guinness-Harp, there is no indication that any of the parties or the State Court considered the injunction as "preliminary" to a later "final" court injunction; for the interim period to which it applied, the injunction was "final." The hearing at which the decision was reached to issue that injunction was therefore the only "trial" that would be held in the State Court concerning the petition filed by the plaintiffs. Since the removal petition was not filed before this "trial," the case was not removable under section 205.
 
 
 16
 The appeal is dismissed; the motion to stay the remand order is denied as moot.