# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

-------------

No. 96-2532

-------------

Transit Casualty Company,              *
in Receivership,   *
                                       *
                Appellee,              *
                                       *
        v.                             *
                                       *
Certain Underwriters at                *
Lloyd's of London, who are             *
members of Syndicate No. 553,          *
As subscribers to contracts of         *
Reinsurance with Transit               *
Casualty Company; C.J.                 *
Warrilow, An Underwriter at            *
Lloyd's of London, indiviually,        *
and on Behalf of Certain               * Appeal from the United States
Underwriters at Lloyd's of             * District Court for the
London Who are Members of the          * Western District of Missouri
Syndicate No. 553,                     *
                                       *
                Appellants.            *
                                       *
-----------------------------          *
                                       *
The Reinsurance Association            *
of America,                            *
                                       *
        Amicus Curiae.                 *

-------------

Submitted: November 18, 1996

Filed: July 10, 1997

-------------

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge,
      and MORRIS SHEPPARD ARNOLD, Circuit Judge.

-------------

McMILLIAN, Circuit Judge.

Plaintiff Transit Casualty Company, in Receivership (the receivership), originally filed, in Missouri state court, a petition and motion for order to show cause based upon the failure to pay reinsurance recoveries and the interference with the liquidation of Transit Casualty Company (Transit) by certain underwriters at Lloyd's of London who are members of Syndicate No. 553 in London (the underwriters). The underwriters subsequently removed the case to federal district court. The underwriters now appeal from a final order entered in the United States District Court[1] for the Western District of Missouri remanding the cause of action to the state court and denying their motion to stay the execution of the remand order. <u>Transit Cas. Co., in Receivership v. Certain Underwriters at Lloyd's of London</u>, No. 96-4173-CV-C-2 (W.D. Mo. June 10, 1996). For reversal, the underwriters argue the district court erred in holding that (1) Missouri's arbitration laws govern this case and (2) the service of suit clause contained in the parties' reinsurance agreements waived the underwriters' right to remove this cause of action. For the reasons discussed below, we dismiss the appeal pursuant to 28 U.S.C. § 1447(d) for lack of jurisdiction.

## I. Background

Transit is an insurance company which was organized and incorporated in 1945 under the laws of Missouri. On December 3, 1985, the Circuit Court of Cole County, Missouri, acting as the receivership court, declared Transit insolvent and ordered liquidation pursuant to Mo. Rev. Stat. § 375.660 (1994). The receivership is proceeding with the liquidation of Transit and has approved certain claims on policies issued by Transit and reinsured

---

[1]The Honorable Fernando J. Gaitan, Jr., District Judge, United States District Court for the Western District of Missouri.

by certain Lloyd's of London underwriters who, as members of Syndicate No. 553, subscribed to contracts of reinsurance with Transit.

On February 21, 1996, the receivership filed a petition and motion to show cause in the state court, alleging that the underwriters owe Transit $1,431,856.76 under three separate reinsurance agreements which became effective on December 1, 1978, January 1, 1981, and January 1, 1984. On May 6, 1996, the underwriters removed the case to federal district court pursuant to 9 U.S.C. § 205 (1994), which permits removal, before trial, of an action that relates to an arbitration agreement or award governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the Convention), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, <u>reprinted in</u> 9 U.S.C.A. § 201 note (West Supp. 1997). The underwriters sought to compel Transit to arbitrate its claims in accordance with an arbitration clause contained in the reinsurance agreements:

> <u>Art. XXII - Arbitration Clause</u>
>
> All disputes or differences arising out of this Agreement shall be submitted to the decision of two Arbitrators, one to be chosen by each party, and in the event of the Arbitrators failing to agree, to the decision of the Umpire to be chosen by the Arbitrators.

The goal of the Convention is to facilitate and stabilize international business transactions by promoting the enforcement of arbitral agreements in contracts involving international commerce. <u>Threlkeld & Co. v. Metallgesellschaft Ltd. (London)</u>, 923 F.2d 245, 248, 250 (2d Cir.), <u>cert. dismissed</u>, 501 U.S. 1267 (1991). An arbitration agreement or arbitral award falls under the Convention if it "aris[es] out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction,

contract, or agreement described in [9 U.S.C. § 2]." 9 U.S.C. § 202.

When Congress amended the Federal Arbitration Act (the FAA)[2] in 1970 to implement the Convention,[3] it included the removal provision on which the underwriters based their petition for removal:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention [on Recognition and Enforcement of Foreign Arbitral Awards], the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205. In seeking to compel arbitration of the dispute, the underwriters relied on 9 U.S.C. § 206, which provides that "a court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States. Such court may also appoint arbitrators in accordance with the provisions of the agreement."

On May 20, 1996, the receivership filed a motion in the district court to remand the case to state court on the grounds that: (1) the service-of-suit clause contained in the parties'

---

[2] 9 U.S.C. §§ 1-307 (1994).

[3] 9 U.S.C. §§ 201-208 (1994).

-4-

reinsurance agreements waives the underwriters' right of removal; (2) removal was defective; (3) the district court lacks subject matter jurisdiction because, under the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015 (1994), Missouri's arbitration laws supersede the Convention; (4) the district court lacks subject matter jurisdiction over two show cause orders issued by the state court sui generis; and (5) the district court must abstain under the Burford[4] and Colorado River[5] abstention doctrines. On June 5, 1996, the district court granted the receivership's motion for remand. Transit Cas. Co., in Receivership v. Certain Underwriters at Lloyd's of London, No. 96-4173-CV-C-2 (W.D. Mo. June 5, 1996). In its June 5, 1996, order, the district court indicated that it would issue a supporting memorandum on or before June 10, 1996.[6] Id. On June 6, 1996, the underwriters filed a motion to stay the execution of the remand pending their appeal of the remand order. On June 10, 1996, the district court issued its memorandum opinion and order. Transit Cas. Co., in Receivership v. Certain Underwriters at Lloyd's of London, No. 96-4173-CV-C-2 (W.D. Mo. June 10, 1996) (hereinafter "slip op."). While the receivership presented a multitude of arguments for remanding this cause of action, the district court relied on only two reasons for granting the remand. Because the basis of the remand is dispositive of this court's ability to review the district court's order, we discuss in detail the district court's analysis.

---

[4]Burford v. Sun Oil Co., 319 U.S. 315 (1943).

[5]Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

[6]The district court also denied the underwriters' motions for a temporary restraining order and a preliminary injunction relating to a motion for contempt filed by the receivership in state court. The contempt motion is not relevant to this appeal; we therefore do not address it.

In the district court, the receivership relied in part on Missouri's Uniform Arbitration Act, which provides that written agreements to arbitrate disputes are valid, enforceable, and irrevocable, except in contracts of insurance and contracts of adhesion.  Mo. Rev. Stat. § 435.350 (1994).  The receivership posited that Missouri's arbitration statute is not preempted by the FAA or the Convention because the McCarran-Ferguson Act preserves state statutes enacted "for the purpose of regulating the business of insurance" and excepts them from the usual rules of preemption. 15 U.S.C. § 1012(b).  The McCarran-Ferguson Act provides that "[n]o Act of Congress shall be construed to invalidate, impair or supersede any law enacted by any State for the purpose of regulating the business of insurance . . . unless such Act specifically relates to the business of insurance."  Id.  The receivership maintained that because neither the Convention nor the FAA specifically relates to the business of insurance, neither preempts Missouri's arbitration statute.

In determining whether the Missouri arbitration statute is saved from preemption by the McCarran-Ferguson Act, the district court considered: first, whether the federal statutes specifically relate to the business of insurance; second, whether the state law at issue was enacted for the purpose of regulating the business of insurance; and third, whether the application of the federal laws invalidates, impairs, or supersedes the state law.  Slip op. at 3, citing United States Dep't of Treasury v. Fabe, 508 U.S. 491[, 501] (1993) (the McCarran-Ferguson Act reverses the normal rules of preemption by imposing a rule that state laws enacted "for the purpose of regulating the business of insurance" do not yield to conflicting federal statutes unless a federal statute specifically requires otherwise); see also Murff v. Professional Med. Ins. Co., 97 F.3d 289, 291 (8th Cir. 1996) (applying same three-part test), cert. denied, 65 U.S.L.W. 3572 (U.S. June 16, 1997) (No. 96-1252).

Both parties agreed that neither the FAA nor the Convention specifically relates to the business of insurance.  Slip op. at 3.  The district court then determined that the Missouri arbitration statute was enacted for the purpose of regulating the business of insurance because it is aimed at protecting or regulating the performance of an insurance contract.  Id. at 4-5.  It further found that the application of the Convention to the parties' reinsurance agreements would impair, invalidate, and supersede the Missouri arbitration statute which expressly proscribes the enforcement of arbitration provisions contained in contracts of reinsurance.[7]  Id. at 5.  Accordingly, the district court concluded that Missouri's arbitration statute precludes the enforcement of the arbitration clause in the reinsurance agreements.  Id.

The receivership also argued that remand was appropriate because the underwriters waived their right of removal based on the service-of-suit clause contained in the parties' reinsurance agreements:

> Art. XVII - Service of Suit Clause
>
> In the event of the failure of the Reinsurer to pay an amount claimed to be due hereunder, the Reinsurer will, at the request of the Reinsured, submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accord with the law and practice of such Court.
>
> [I]n any suit instituted against the Reinsurer under this Agreement the Reinsurer will abide by

---

[7]The district court "decline[d] to make a distinction in this case between contracts of insurance and reinsurance."  Slip op. at 4, citing Mutual Reins. Bureau v. Great Plains Mut. Ins. Co., 969 F.2d 931 (10th Cir.), cert. denied, 506 U.S. 1001 (1992).

the final decision of such Court or of any reviewing
Court.

The district court held that, as a matter of contract interpretation, the service-of-suit clause waived the underwriters' right to remove. Id. at 6. The district court interpreted the clause to provide that, by consenting to submit to any court of competent jurisdiction at the request of the reinsured, the underwriters agreed to go to, and stay in, the forum chosen by the receivership, which was the state court. Id. at 7, citing Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1217 (3d Cir.) (holding that a similar service-of-suit clause waived the defendant's right to remove), cert. denied, 502 U.S. 908 (1991). The district court interpreted the parties' reinsurance agreements to give equal effect to both the arbitration clause and the service-of-suit clause and held that a reasonable reading of the contract required the underwriters to submit to the jurisdiction of any court of competent jurisdiction chosen by the receivership, "whether it be to determine the arbitrable nature of the dispute, to confirm an arbitration award, to compel arbitration, or to resolve on the merits a claim not subject to arbitration." Id. at 8.

The district court held that remand was appropriate and denied the underwriters' motion to stay the execution of the remand order. Id. This appeal followed.

## II. Discussion

As a preliminary matter, we consider whether this court has jurisdiction to review the district court's remand order.[8] Title

---

[8]The receivership previously filed a motion to dismiss this lack of jurisdiction, which this court summarily denied on July 12, 1996.

-8-

28 U.S.C. § 1447(d) (1994) provides that, with the exception of civil rights cases, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."  The Supreme Court has narrowly construed this restriction, however, and explained that only cases remanded under 28 U.S.C. § 1447(c) are subject to this nonreviewability provision.  Quackenbush v. Allstate Ins. Co., 116 S. Ct. 1712, 1718 (1996) (Quackenbush); Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 346 (1976) (Thermtron).  Under § 1447(c), the district court must remand the case if any defect in removal procedure is timely raised or "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c) (1994).[9] Where the district court's remand order is based upon § 1447(c), review of that remand order is prohibited "whether erroneous or not and whether review is sought by appeal or by extraordinary writ."  Thermtron, 423 U.S. at 343; see also Gravitt v. Southwestern Bell Tel. Co., 430 U.S. 723 (1977) (per curiam); In re Business Men's Assurance Co. of Am., 992 F.2d 181, 182 (8th Cir. 1993) (per curiam) (rule that remand order issued under § 1447(c) is unreviewable applies "whether or not that order might be deemed erroneous by an appellate court").  Thus, if the district court believed that it lacked subject matter jurisdiction at the time of removal, review of the remand order is barred under § 1447(d).  In the Matter of Amoco Petroleum Additives Co., 964 F.2d 706, 708 (7th Cir. 1992).

The underwriters argue that this court may review the district court's order under 28 U.S.C. § 1291 (1994), which confers

---

[9]At the time the Supreme Court decided Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336 (1976), § 1447(c) provided that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case."

jurisdiction over appeals from "final decisions" of the district courts. They characterize the district court's order as a denial of arbitrability and, as such, contend that it falls within

> a narrow class of collateral orders which do not meet this definition of finality, but which are nevertheless immediately appealable under § 1291 because they conclusively determine a disputed question that is completely separate from the merits of the action, effectively unreviewable on appeal from a final judgment, and too important to be denied review.

Brief for Appellant at 10-11, quoting Quackenbush, 116 S. Ct. at 1718-19 (citations omitted). The underwriters alternatively argue that this court may review the district court's remand order under 9 U.S.C. § 16(a)(1)(B),(C) (1994), which expressly authorizes appeal of orders denying petitions to compel arbitration. On the merits, the underwriters, concluding that the district court's remand order was based on abstention principles, argue that abstention is improper in this case because the federal interests in this case are pronounced and, furthermore, because federal courts may remand a case based on abstention principles only where the relief being sought is equitable or otherwise discretionary, whereas the receivership is seeking money damages. Id. at 12, citing Quackenbush, 116 S. Ct. at 1727-28.

We disagree with the underwriters' characterization of the district court's remand order and interpret the order as holding that it lacked subject matter jurisdiction and remanding on that basis. Specifically, the district court held that "[i]n the present action, there clearly exists a state statute which precludes the enforcement of arbitration in insurance contracts." Slip op. at 5. The district court determined that the McCarran-Ferguson Act's inverse-preemption prevented the parties' reinsurance agreements from governance by the Convention. Because

the parties' reinsurance agreements must fall under the Convention in order for the underwriters to remove under 9 U.S.C. § 205, the district court's finding that the Convention does not apply to this cause of action resulted in a lack of removal jurisdiction and necessitated remand. See Whitman v. Raley's Inc., 886 F.2d 1177, 1181 (9th Cir. 1989) ("A remand based on lack of 'complete preemption' [under ERISA] is a remand required by 28 U.S.C. § 1447(c).").

Furthermore, the district court cited 28 U.S.C. § 1447(c) in its order granting the receivership's motion for remand. See slip op. at 2. We reject the underwriters' contention that, although cited by the district court, neither ground contained in § 1447(c) was the actual basis for remand. See Mangold v. Analytic Servs., Inc., 77 F.3d 1442, 1450 (4th Cir. 1996) (appellate court has power and responsibility to look past contextually ambiguous allusions and even specific citations to § 1447(c) to determine by independent review of the record the actual grounds or basis upon which the district court considered it was empowered to remand). Because the district court's citation to § 1447(c) was somewhat ambiguous in that the district court simply recited the statute without expressly relying on it, slip op. at 2, we will look past the district court's reference to § 1447(c). In so doing, we determine that the true basis for the district court's decision to remand was a lack of removal jurisdiction. See Baldridge v. Kentucky-Ohio Transp., Inc., 983 F.2d 1341, 1350 (6th Cir. 1993) (interpreting district court's remand order as jurisdictional and falling within § 1447(c); thus, barring appellate review under § 1447(d)); Soley v. First Nat'l Bank of Commerce, 923 F.2d 406, 410 (5th Cir. 1991) (same).

This case is analogous to Carney v. BIC Corp., 88 F.3d 629, 632 (8th Cir. 1996), cert. denied, 117 S. Ct. 738 (1997), in which

-11-

this court held that the district court's remand for lack of removal jurisdiction was unreviewable under § 1447(d). In Carney v. BIC Corp., the district court applied a Missouri dismissal statute in ruling that the parties were not diverse and, thus, removal jurisdiction did not exist. Id. This court held that the district court's consideration of Missouri's dismissal statute in concluding that the parties were not diverse was in no way separate from the jurisdictional determination. Id. Similarly, in the present case, the district court's consideration of Missouri's arbitration statute in concluding that the parties' reinsurance agreements are not subject to the Convention was necessary to determine whether removal jurisdiction existed. Furthermore, because the district court remanded for a lack of subject matter jurisdiction, it lacked jurisdiction to make any substantive rulings, and, thus, "no rulings of the federal court have any preclusive effect on the substantive matters before the state court." Whitman v. Raley's Inc., 886 F.2d at 1182; cf. In re Life Ins. Co. of N. Am., 857 F.2d 1190, 1193 (8th Cir. 1988) (because the district court had jurisdiction over the subject matter and the parties, its ruling that ERISA did not preempt the state claim would be binding on the state court "as res judicata and the law of the case").[10]

---

[10]Several circuits have read In re Life Ins. Co. of N. Am., 857 F.2d 1190 (8th Cir. 1988), as holding that a district court's findings incident to an order of remand have a preclusive effect on the state court, and they have explicitly rejected that holding. See, e.g., Gonzalez-Garcia v. Williamson Dickie Mfg. Co., 99 F.3d 490, 492 (1st Cir. 1996); Nutter v. Monongahela Power Co., 4 F.3d 319, 322 (4th Cir. 1993); Baldridge v. Kentucky-Ohio Transp., Inc., 983 F.2d 1341, 1347-50 (6th Cir. 1993); Soley v. First Nat'l Bank of Commerce, 923 F.2d 406, 409 (5th Cir. 1991); Whitman v. Raley's Inc., 886 F.2d 1177, 1181 (9th Cir. 1989); Glasser v. Amalgamated Workers Union Local 88, 806 F.2d 1539, 1540-41 (11th Cir. 1986) (per curiam). Those courts have failed to recognize, however, that the district court in In re Life Ins. Co. of N. Am. did not issue its remand order pursuant to 28 U.S.C. § 1447(c), but rather exercised its discretionary power to remand a pendent state law claim after all federal claims had been eliminated. 857 F.2d at 1193 n.1, citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988). Because the district court had pendent jurisdiction over the remanded state law claim, its adjudication of the preemption issue was binding on all other courts, subject only to the appellate process. Id. at 1193, citing United States ex rel. Lawrence v. Woods, 432 F.2d 1072, 1076 (7th Cir. 1970), cert.

-12-

The fact that the underwriters removed this case under 9 U.S.C. § 205 rather than under the general removal statutes, 28 U.S.C. §§ 1441-1452, does not change the result that the district court's remand order is unreviewable.  General removal law applies to cases which are removed under the Convention's removal provision because § 205 incorporates the "procedure for removal of causes otherwise provided by law," which means 28 U.S.C. §§ 1441-1452.  In the Matter of Amoco Petroleum Additives Co., 964 F.2d at 712.  In particular, this language includes § 1447(c), authorizing remand for defects in the removal procedure, and § 1447(d), blocking appellate review of remands issued under § 1447(c).  964 F.2d at 712; Lafarge Coppee v. Venezolana De Cementos, S.A.C.A., 31 F.3d 70, 71 (2d Cir. 1994).

> Section 1447(d) applies not only to remand orders made in suits removed under the general removal statute, but to orders of remand made in cases removed under *any other statutes*, as well.  Absent a clear statutory command to the contrary, we assume that Congress is aware of the universality of the practice of denying appellate review of remand orders when Congress creates a new ground for removal.

Things Remembered, Inc. v. Petrarca, 116 S. Ct. 494, 497 (1995) (emphasis in original) (citations omitted).  Giving effect to both 28 U.S.C. § 1447(d) and 9 U.S.C. § 205, the remand order at issue is not reviewable on appeal.  See 116 S. Ct. at 497.  Moreover,

denied, 402 U.S. 983 (1971).

this court has held that a district court is required to resolve all doubts about federal jurisdiction in favor of remand.  <u>In re Business Men's Assurance Co. of Am.</u>, 992 F.2d at 183.

We reject the underwriters' argument, based on <u>Travelers Ins. Co. v. Keeling</u>, 996 F.2d 1485 (2d Cir. 1993) (<u>Keeling</u>), that this court may review, under the collateral order doctrine, the district court's finding that the receivership's claims are not arbitrable because the underwriters' waived their right to remove.[11]  In <u>Keeling</u>, the district court's remand order was based upon the defendant's waiver of the right of removal pursuant to a forum selection clause contained in reinsurance agreements. 996 F.2d at 1488 n.2.  Because remand was not based on a lack of subject matter jurisdiction, § 1447(d) did not bar review.  <u>Id.</u>  By contrast, in the present case, the district court remanded, at least in part, for lack of subject matter jurisdiction, finding that the Convention did not apply to this case.  Slip op. at 5.  Once the district court determined that the Convention did not apply and therefore removal jurisdiction was lacking, there was no need to rule on the receivership's contention that the underwriters had contractually waived any removal rights.  <u>See</u> <u>Mobil Corp. v. Abeille Gen. Ins. Co.</u>, 984 F.2d 664, 666 n.3 (5th Cir. 1993) (district court's order remanding case for lack of subject matter jurisdiction and for waiver of right to remove is unreviewable under § 1447(d)).  Because the district court remanded on the ground that it lacked removal jurisdiction, we lack jurisdiction to review the district court's finding that the underwriters waived their right of removal.

---

[11]Again, we point out that the underwriters mischaracterize the district court's holding.

-14-

### III. Conclusion

Accordingly, the appeal is dismissed pursuant to 28 U.S.C. § 1447(d) for lack of jurisdiction. We therefore do not consider any of the underwriters' arguments regarding the merits of the district court's decision to remand or the district court's denial of the underwriters' motion to stay the remand order pending appeal. The parties' various outstanding motions are denied as moot.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.