Kingsley MAWHIRT, Plaintiff–Appellant,

v.

Ashraf Nabil AHMED, MD.; Marsha Tenenberg Karant, MD., personally; Haracio Preval, MD., personally; John Doe, MD.; personally, Roe Doe, MD., personally; Po Gonzalez, person-

ally Badge # 4385; Po Ramagnoli, personally Badge # 4385; Robert Dye, personally; Yakov Greenstein, MD., personally; Lea Irion, RN; Barbara Mawhirt, Defendants–Appellees.

No. 00–7312.

United States Court of Appeals, Second Circuit.

May 17, 2001.

Kingsley Mawhirt, Holtsville, NY, pro se.

Marion R. Buchbinder, New York, NY; Robert K. Drinan, Mineola, NY; Arlene S. Zwilling, Hauppauge, NY; James O'Neil, Nesconet, NY, for appellees.

Present OAKES, WINTER and STRAUB, Circuit Judges.

SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment of the District Court is hereby AFFIRMED IN PART and VACATED AND REMANDED IN PART.

Kingsley Mawhirt, *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge* ) granting summary judgment to Dr. Ashraf Nabil Ahmed, Dr. Marsha Tenenberg Karant, Dr. Haracio Preval, two unidentified doctors, attorney Robert Dye, Dr. Yakov Greenstein, and Registered Nurse Lea Irion (collectively "the State defendants"); Suffolk County Police Officers Gonzalez and Ramagnoli ("the officers"); and his ex-wife, Barbara Mawhirt, on claims alleging deprivation of his constitutional rights and violations of state tort law resulting from his involuntary hospitalization at University Hospital Stony Brook ("UHSB") in June and October 1995.

On appeal, Mawhirt principally contends that the District Court erred by disregarding the contested issues of material fact raised in his papers in opposition to the defendants-appellees' motions. He also attaches a January 1996 "Summary of Forensic Psychological Evaluation" by Dr. Alan Klein, which concludes that "at the time of this evaluation, [Mawhirt] did not evidence diagnostic indicators of the disorder of Paranoid Schizophrenia," and finds "no indication that Mr. Kingsley Mawhirt constitutes a danger to himself or others."

On review of a grant of summary judgment, this Court determines *de novo* whether there is a genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. *See Scaria v. Rubin,* 117 F.3d 652, 653 (2d Cir. 1997).

The District Court properly granted summary judgment to the defendants-appellees on Mawhirt's federal constitutional claims, false imprisonment claim against the officers, and assault and battery claims against Barbara Mawhirt. As the District Court noted, the involuntary civil commitments did implicate Mawhirt's liberty interests as protected under the Due Process Clause. *See Vitek v. Jones,* 445 U.S. 480, 491–92, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980). However, while Mawhirt disputed the medical and judicial conclusions that supported the involuntary commitments in

June and October 1995, he raised no genuine issue of material fact as to whether he had been afforded procedural due process under the New York Mental Hygiene Law. The officers also did not violate Mawhirt's procedural due process rights when they transported him to UHSB in October 1995 because he was not entitled to a hearing before being taken to a hospital or psychiatric emergency program. *See* N.Y. Mental Hyg. Law § 9.41 (McKinney 1999).

■ The State defendants were entitled to qualified immunity with respect to the substantive due process claims. *See Doe v. Marsh*, 105 F.3d 106, 109–10 (2d Cir.1997). The record demonstrates that it was "objectively reasonable" for the medical personnel to believe that their participation in Mawhirt's involuntary commitments was lawful at the time of the conduct. *See Glass v. Mayas*, 984 F.2d 55, 57 (2d Cir.1993). Additionally, Mawhirt adduced no evidence rebutting the showings by the defendants-appellees that Mawhirt was a substantial danger to himself and to his family or establishing that any of the medical decisions constituted "a substantial departure from accepted judgment, practice, or standards." *Kulak v. City of New York*, 88 F.3d 63, 75 (2d Cir.1996) (internal quotation marks omitted).

The substantive due process claim against the officers arising from their October 1995 seizure of Mawhirt was properly construed as a claim under the Fourth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 273–74, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994); *Glass*, 984 F.2d at 58. However, the officers were entitled to qualified immunity because they acted reasonably and did not violate any of Mawhirt's clearly established rights when bringing him to UHSB.

The false imprisonment claims against the officers were properly dismissed because Mawhirt had not filed a notice of claim. *See* N.Y. Gen.Mun.Law § 50–m(3) (McKinney 2000). Mawhirt also failed to state a claim of ineffective assistance of counsel claim against Dye because, as a court appointed attorney representing Mawhirt in a state court commitment hearing, Dye was not acting "under color of state law" and thus is not subject to suit under 42 U.S.C. § 1983. *See Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir.1997). Moreover, the District Court properly declined to exercise supplemental jurisdiction over the state law assault and battery claims against Barbara Mawhirt. *See Travelers Ins. Co. v. Keeling*, 996 F.2d 1485, 1490 (2d Cir.1993).

■ However, the District Court inappropriately dismissed the state law false imprisonment, assault, battery, and informed consent claims against the State defendants, concluding that all of these claims were barred by qualified immunity. Qualified immunity, to the extent it is asserted in connection with § 1983 actions, is available only to public officials who have allegedly violated an individual's federal statutory or constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Rodriguez v. Phillips*, 66 F.3d 470, 475 (2d Cir.1995). Because "a violation of state law is not cognizable under § 1983," *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir.1985), the federal law doctrine of qualified immunity does not apply to state law claims, such as those dismissed by the District Court.

■ Nonetheless, a district court should generally dismiss supplemental state law claims without prejudice where all federal law claims are eliminated before trial. *See Travelers Ins. Co.*, 996 F.2d at 1490; 28 U.S.C. § 1367(c)(3). Accordingly, the

aforementioned state law claims should have been dismissed without prejudice.

Mawhirt's submission of Dr. Klein's psychological evaluation has no bearing on this appeal because it was not in evidence below and it does not address Mawhirt's condition when he was admitted to UHSB in June or October 1995.

For the reasons set forth above, we AFFIRM in part the judgment of the District Court. We VACATE the judgment in respect of the state law claims and REMAND the matter to the District Court so that it may dismiss the state law false imprisonment, assault, battery, and informed consent claims against the State defendants without prejudice.