Smulley v. Liberty Mutual Holding Company, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

 At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-three.

PRESENT:
 **REENA RAGGI,**
 **JOSEPH F. BIANCO,**
  *Circuit Judges.*[*]

---

**Dorothy A. Smulley,**

  *Plaintiff-Appellant*,

  v.                                                          22-1158

**Liberty Mutual Holding Company, Inc., Safeco Insurance Company of Illinois, Liberty Mutual Insurance Company, Howd & Ludorf LLC, Philip T. Newbury, Jr., Berchem Moses PC, Jonathan D. Berchem, Daniel H. Kryzanski,**

  *Defendants-Appellees*.

---

[*] Circuit Judge José A. Cabranes, originally a member of the panel, has recused himself from considering this matter. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Dorothy A. Smulley, pro se, Stratford, CT. |
| **FOR DEFENDANTS-APPELLEES LIBERTY MUTUAL HOLDING COMPANY, INC., SAFECO INSURANCE COMPANY OF ILLINOIS, LIBERTY MUTUAL INSURANCE COMPANY, HOWD & LUDORF LLC, PHILIP T. NEWBURY, JR.:** | Philip T. Newbury, Jr., Howd & Ludorf, LLC, Wethersfield, CT. |
| **FOR DEFENDANTS-APPELLEES BERCHEM MOSES PC, JONATHAN D. BERCHEM:** | Peter J. Biging, Goldberg Segalla LLP, New York, NY. |
| **FOR DEFENDANT-APPELLEE DANIEL H. KRYZANSKI:** | No appearance. |

Appeal from a judgment, entered on May 3, 2022, of the United States District Court for the District of Connecticut (Omar A. Williams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Dorothy A. Smulley, proceeding pro se, sued defendants-appellees, bringing claims under 42 U.S.C. § 1983 and state law. Her claims arise from a Connecticut state court action in which she sued Safeco Insurance Company of Illinois ("Safeco") and two auto repair shops in connection with a dispute as to whether to repair her car or consider it a total loss. In the instant action, Smulley sues Safeco and affiliated insurance entities (the "insurance company defendants"), as well as the law firms and attorneys involved in representing the defendants in the state court litigation (the "law firm/attorney defendants"), for various torts and constitutional violations. Smulley appeals the district court's judgment dismissing her complaint for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

In reviewing a district court's dismissal of a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), this Court reviews factual findings for clear error and legal conclusions de novo. *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). We may "affirm on any ground with support in the record," *Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 145 (2d Cir. 2014), "including grounds upon which the district court did not rely," *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993).

The district court erred in grounding dismissal in lack of subject matter jurisdiction, rather than failure to state a claim. In determining whether the district court has jurisdiction under 28 U.S.C. § 1331, "[a] non-frivolous allegation of a cause of action under federal law suffices to invoke federal court jurisdiction." *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)); *see Shapiro v. McManus*, 577 U.S. 39, 45 (2015) (stating that court should not dismiss for lack of subject matter jurisdiction unless federal claim is "wholly insubstantial and frivolous"). The failure to name a state actor in a § 1983 action is not a jurisdictional defect here, but should instead be evaluated under Federal Rule of Civil Procedure 12(b)(6). *Id.*

Under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in a complaint are accepted as true, this tenet does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678. Courts are obligated to construe pro se complaints liberally to raise the strongest claims they suggest. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

2

"[T]o state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). Private parties act under color of state law when their conduct is "fairly attributable to the state." *Den Hollander v. Copacabana Nightclub*, 624 F.3d 30, 33 (2d Cir. 2010) (per curiam).

Here, none of the defendants are state actors. The insurance company defendants are not state actors for purposes of § 1983 simply because they are regulated by the state, *see Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350–51, 358 (1974), and Smulley has not plausibly alleged that their conduct was fairly attributable to the state. Similarly, the law firm/attorney defendants' participation in the state court action did not render them state actors. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (per curiam) (holding that law guardians appointed to represent children in a state court custody dispute were not state actors); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975) ("Although Klein's status as an attorney provides him with no immunity, neither does it satisfy the test of state action that must be met before liability may be imposed pursuant to § 1983.").

Nor does the complaint support a plausible claim that any defendant conspired with a state actor. A private actor "engaged in a conspiracy with state officials to deprive another of federal rights" acts under color of state law for the purposes of § 1983. *Tower v. Glover*, 467 U.S. 914, 920 (1984). "In order to survive a motion to dismiss on [a] § 1983 conspiracy claim, [a plaintiff] must allege (1) an agreement between a state actor and a private party; (2) to act in concert to

3

inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello*, 292 F.3d at 324–25. "A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Id.* at 324.

Notwithstanding Smulley's conclusory assertions in her complaint, she has not alleged facts that could support a plausible inference that the defendants engaged in a conspiracy with the state court judge. Her factual allegations only demonstrate that the law firm/attorney defendants performed the traditional lawyer functions of representing their clients. "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).

In sum, because Smulley has not alleged any state action, she has failed to state a claim under § 1983. Therefore, we affirm the district court's dismissal of her § 1983 claims. In light of the dismissal of her federal claims, we do not address Smulley's state law claims, which the district court dismissed without prejudice. *Travelers Ins. v. Keeling*, 996 F.2d 1485, 1490 (2d Cir. 1993); *see also Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 122–23 (2d Cir. 2006).

We have considered Smulley's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

4