Bruce NUTTER, Plaintiff–Appellee,

v.

MONONGAHELA POWER COMPANY, Defendant–Appellant.

In re MONONGAHELA POWER COMPANY, Petitioner.

Nos. 93–1173, 93–1188.

United States Court of Appeals, Fourth Circuit.

Argued June 9, 1993.

Decided Sept. 3, 1993.

**320**

Jeffrey Alan Holmstrand, Bachmann, Hess, Bachmann & Garden, Wheeling, WV, argued (Paul T. Tucker, Bachmann, Hess, Bachmann & Garden, on the brief), for defendant-appellant.

James Bryan Zimarowski, Morgantown, WV, argued (John R. Angotti, on the brief), for plaintiff-appellee.

Before ERVIN, Chief Judge, and HAMILTON and WILLIAMS, Circuit Judges.

## OPINION

WILLIAMS, Circuit Judge:

The Monongahela Power Company seeks review, both on appeal and by petition for writ of mandamus, of the district court's determination that neither § 514(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1144(a) (1988), nor § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 (1988), preempts the claim of the plaintiff, Bruce Nutter. Because preemption under ERISA and the LMRA was the basis for removal to federal court, the district court concluded that it lacked jurisdiction and remanded the case as required under 28 U.S.C.A. § 1447(c) (West Supp.1993). Section 1447(d) bars review of the remand order, 28 U.S.C. § 1447(d) (1988); accordingly, we dismiss for lack of jurisdiction.

Nutter was injured during the course of his employment with Monongahela Power and was awarded workers' compensation benefits. After being medically released, he was given work as a salvage handler instead of as a lineman, the position he had previously held. Believing that his change of job resulted from discrimination based on his having received workers' compensation, Nutter sued Monongahela Power in the Circuit Court of Monongalia County, West Virginia, for violation of § 23–5A–1 of the West Virginia Code (1985), which prohibits such discrimination. Monongahela Power removed the case to federal court on the ground that Nutter's state-law claim was completely preempted by ERISA and the LMRA. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 67, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987) (complete preemption under ERISA); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968)

(complete preemption under the LMRA). The district court concluded that the claim was not preempted and remanded the case to state court.

Our jurisdiction in this matter is limited by 28 U.S.C. § 1447(d), which provides that:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

Although § 1447(d) appears to foreclose any review of remand orders, that limitation is subject to several exceptions. Monongahela Power seeks review primarily under the exception derived from the Supreme Court's decision in *City of Waco v. United States Fidelity & Guaranty Co.*, 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1934).

In *City of Waco*, the district court dismissed both a "cross-action" and the party against whom the claim was brought. The dismissal destroyed diversity, the jurisdictional basis for removal, and the district court remanded to state court. *Id.* at 142, 55 S.Ct. at 6. Because the dismissed cross-claim was not remanded, the dismissal order was conclusive with regard to that claim. The Supreme Court held that the order of dismissal was appealable. It reasoned that while no appeal lies from an order of remand, "in logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause." *Id.* at 143, 55 S.Ct. at 7. The court emphasized that if the dismissal order were not "reversed or set aside" it would be "conclusive upon the petitioner." *Id.*

■ Under *City of Waco*, where portions of a remand order are "in logic and in fact" severable from the court's determinations regarding remand, we may review the severable portions of the order on appeal.

■ Which portions of a remand order are severable is not entirely clear, although most decisions applying *City of Waco* have involved orders dismissing some party or claim. *E.g., Allen v. Ferguson*, 791 F.2d 611, 613 (7th Cir.1986); *Katsaris v. United States*, 684 F.2d 758, 761 (11th Cir.1982). At a minimum, the challenged portion of the order must affect the parties' substantive rights. *City of Waco* focused on the need to provide appellate review of findings that are conclusive on the rights of the parties. Findings unrelated to substantive rights present no urgent need for appellate review, and review of such findings only serves to create unnecessarily "protracted litigation over jurisdictional issues," delays that § 1447(d) was meant to prevent. *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 277 (9th Cir.1984).

■ In this case, the district court's determination that neither ERISA nor the LMRA preempted Nutter's state law claim is inseverable from its determination that it lacked jurisdiction. *See Soley v. First Nat'l Bank of Commerce*, 923 F.2d 406, 409–10 (5th Cir. 1991). Because complete preemption was the basis for the district court's jurisdiction, the court's findings regarding preemption and jurisdiction are indistinguishable. The preemption findings were merely "subsidiary legal step[s] on the way to its determination that the case was not properly removed." *Ward v. FDIC (In re FSLIC)*, 881 F.2d 564, 566 (8th Cir.), *vacated on other grounds*, 888 F.2d 57 (1989).

Monongahela Power, however, contends that the district court's preemption findings are severable, and thus reviewable, because they affected its substantive rights. Specifically, it contends that the district court's determination that ERISA and the LMRA do not preempt Nutter's state-law claim prevents it from raising preemption as a defense upon remand to state court. We disagree. The district court's findings regarding preemption will only prevent Monongahela Power from raising preemption as a defense if principles of issue preclusion, or collateral estoppel, foreclose relitigation of Monongahela Power's ERISA and LMRA preemption defenses. Because we conclude that the district court's preemption findings have no preclusive effect, we also conclude that the preemption findings do not affect Monongahela Power's substantive rights.

■ Federal law determines the preclusive effect of federal orders on a question of federal law, regardless of whether the court applying the federal judgment is state or federal. *Travelers Indem. Co. v. Sarkisian*,

794 F.2d 754, 761 n. 8 (2d Cir.), *cert. denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986); *Seven Elves, Inc. v. Eskenazi,* 704 F.2d 241, 243–44 n. 2 (5th Cir.1983); 18 Charles A. Wright et al., *Federal Practice and Procedure* § 4468, at 656–57 (1981). The most significant factor in determining the preclusive effect of a district court's findings incident to remand is the unavailability of appellate review under § 1447(d). "Under contemporary principles of collateral estoppel," the unavailability of appellate review "strongly militates against giving" a judgment preclusive effect. *Standefer v. United States,* 447 U.S. 10, 23, 100 S.Ct. 1999, 2007, 64 L.Ed.2d 689 (1980); *see also Hussein v. Oshkosh Motor Truck Co.,* 816 F.2d 348, 356 (7th Cir.1987); *Restatement (Second) of Judgments* § 28(1) (1982). While the availability of appellate review is not "always an essential predicate of estoppel," *Standefer,* 447 U.S. at 23 n. 18, 100 S.Ct. at 2007 n. 18; *see Johnson Steel St. Rail Co. v. William Wharton Jr. & Co.,* 152 U.S. 252, 256–57, 14 S.Ct. 608, 609, 38 L.Ed. 429 (1894); *Federal Trade Comm'n v. Food Town Stores, Inc.,* 547 F.2d 247, 249 (4th Cir.1977), we do not believe the district court's jurisdictional findings incident to remand should preclude relitigation of the same issues in state court. Accordingly, we hold that the district court's jurisdictional findings regarding complete preemption have no preclusive effect. Under our holding, any issues that the district court decided incident to remand may be relitigated in state court.

Of the circuits that have addressed this issue, four have concluded that a district court's findings incident to an order of remand have no preclusive effect. *Baldridge v. Kentucky–Ohio Transp., Inc.,* 983 F.2d 1341, 1347–50 (6th Cir.1993); *Soley,* 923 F.2d at 409 (5th Cir.); *Whitman v. Raley's Inc.,* 886 F.2d 1177, 1181 (9th Cir.1989); *see Glasser v. Amalgamated Workers Union Local 88,* 806 F.2d 1539, 1540–41 (11th Cir.1986) (per curiam). Only the Eighth Circuit has concluded that jurisdictional findings regarding complete preemption have preclusive effect, a conclusion with which we respectfully disagree. *In re Life Ins. Co. of N. Am.,* 857 F.2d 1190, 1193 (8th Cir.1988); *cf. In re Business Men's Assurance Co. of Am.,* 992 F.2d 181, 182 (8th Cir.1993) (per curiam)

(remand order not reviewable where district court "resolved its doubt" about preemption in favor a remand for lack of jurisdiction but "declined to rule whether ERISA would control the remanded action"). Because the district court's findings have no preclusive effect, they do not affect Monongahela Power's substantive rights and are not severable from the remand order. *City of Waco,* therefore, does not allow us to evade the bar to appellate review in § 1447(d).

In addition to its argument based on *City of Waco,* Monongahela Power urges us to follow the Ninth Circuit's opinion in *Tingey v. Pixley–Richards West, Inc.,* 953 F.2d 1124 (9th Cir.1992). In *Tingey,* the Ninth Circuit reversed a remand order after concluding that ERISA preempted the remanded claims. *Id.* at 1133. Monongahela Power construes *Tingey* as holding that remand orders are reviewable as an exception to § 1447(d) where the basis for remand was a lack of complete preemption. Because we disagree with this interpretation of *Tingey,* we reject Monongahela Power's argument.

The *Tingey* court did not make clear the basis for its exercise of appellate jurisdiction. The court recognized that § 1447(d) bars any review of orders remanding cases for lack of jurisdiction, *id.* at 1129, but it never stated why § 1447(d) did not apply. The *Tingey* court did indicate, however, that the district court had not made clear whether it was remanding for lack of jurisdiction or for some other unspecified reason. *Id.* The appellate court appears to have exercised jurisdiction because the district court's reason for remanding the case was unclear, and the appellate court could not readily ascertain whether the district court had remanded the case on a ground permitted by statute or case law. *See Kolibash v. Committee on Legal Ethics of W.Va. Bar,* 872 F.2d 571, 573 (4th Cir. 1989) ("the court's failure in this case to pose the propriety of remand in terms of the statute is a factor in determining whether its order is reviewable"). If so, then the court merely applied the exception to § 1447(d) recognized by the Supreme Court in *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 353, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976).

■ Under *Thermtron,* a remand order may be reviewed where the district court

"has remanded [a case] on grounds not authorized by the removal statutes." *Id.* at 353 (reviewable on writ of mandamus); *see also Kolibash*, 872 F.2d at 573 (reviewable on appeal). For example, *Thermtron* permits appellate review where a district court remands a case because it declines to exercise jurisdiction, which is not a statutory ground for remand. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 356, 108 S.Ct. 614, 622, 98 L.Ed.2d 720 (1988). *Thermtron* does not permit appellate review here because the district court expressly remanded on the ground that it lacked jurisdiction, a statutory ground for remand under § 1447(c).

While the *Tingey* court did not cite to *Thermtron* or Ninth Circuit precedent applying *Thermtron*, we believe *Tingey* is best read as an application of the *Thermtron* holding. The alternative suggested by Monongahela Power, construing *Tingey* as creating a general exception to § 1447(d) for remand orders based on lack of complete preemption, is problematic in at least two respects. First, nowhere in *Tingey* did the court justify the creation of such an exception. Second, such an exception would contradict the Ninth Circuit's own opinion in *Whitman. See Whitman*, 886 F.2d at 1181 (holding that a remand order cannot be reviewed on appeal or otherwise when based on a lack of complete preemption). Because *Thermtron* provides no basis for our exercising appellate jurisdiction in this case, we conclude that *Tingey* similarly provides no basis for exercising appellate jurisdiction.

Finally, we note that the three other recognized exceptions to § 1447(d) do not apply here. First, § 1447(d) itself specifies that we may review orders remanding cases originally removed under 28 U.S.C. § 1443 (1988), but this is not a civil rights case removed under that section. Second, the Third Circuit has held that § 1447(d) does not bar review of remand orders where the district court determines it lacks jurisdiction because the federal statute conferring jurisdiction is unconstitutional. *Brannon v. Babcock & Wilcox Co. (In re TMI Litig. Cases Consol. II)*, 940 F.2d 832, 848 (3d Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1262, 117 L.Ed.2d 491 (1992). We need not decide whether to adopt this exception in this circuit because the exception clearly does not apply: the district court made no constitutional rulings. Third, the Sixth and Seventh Circuits have held that the Courts of Appeals may review an order remanding a case on a ground specifically authorized by statute if the district court had jurisdiction at the time of remand but subsequently lost jurisdiction. *See Baldridge*, 983 F.2d at 1348 & n. 11; *In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 708 (7th Cir.1992). Again, we need not decide whether to adopt this exception in this circuit. The district court found that jurisdiction did not exist at the time of removal; therefore, this exception could not apply.

For the foregoing reasons, we dismiss both the appeal and the petition for writ of mandamus.

DISMISSED.