USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1728 GLORIA GONZALEZ-GARCIA, ET AL., Plaintiffs, Appellees, v. WILLIAMSON DICKIE MANUFACTURING CO., Defendant, Appellant. _____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Daniel R. Dominguez, U.S. District Judge] ___________________ ____________________ No. 96-1737 IN RE: WILLIAMSON DICKIE MANUFACTURING CO., ET AL., Petitioner. _____________________ PETITION FOR WRIT OF MANDAMUS ____________________ Before Selya, Boudin and Lynch, Circuit Judges. ______________ ____________________ Radames A. Torruella, Ariadna Alvarez and McConnell Valdes on _____________________ _______________ _________________ brief for appellant. Luis Toro Goyco, Nora S. Rivera Carrasquillo and Arturo Luciano _______________ ____________________________ ______________ Delgado on brief for appellees. _______ Rafael J. Vazquez Gonzalez and McConnell Valdes on Petition for ____________________________ ________________ Writ of Mandamus. ____________________ November 8, 1996 ____________________ Per Curiam. Williamson Dickie Manufacturing Co. ___________ ("Williamson Dickie") has filed both a notice of appeal and a petition for writ of mandamus from a district court order remanding a case to a Commonwealth of Puerto Rico court from which it had been removed. We conclude that this court lacks jurisdiction to review the order of remand, either by way of appeal or mandamus, and therefore summarily dismiss the appeal and deny the petition for mandamus. Because the issue is a recurring one, a brief opinion explaining our result may be useful for guidance in the future. I. In 1993, Williamson Dickie dismissed some employees when it decided to close its plants in Puerto Rico and transfer its operations outside of Puerto Rico. In November 1994, 117 dismissed employees filed suit in a Commonwealth Court, claiming entitlement to severance pay in accordance with Puerto Rico Severance Law Statute, Law 80 of May 30, 1976, P.R. Laws Ann. tit. 29, 185 et seq. (1985) (hereinafter "Law 80"). They also claimed that, in retaining only younger employees until the operations were completely shut down, Williamson Dickie violated the Commonwealth's law against age discrimination. Williamson Dickie removed the suit to the federal district court on the ground that it was a civil action arising under the laws of the United States, i.e., that it ____ -2- presented a federal question. Specifically, Williamson Dickie alleged that, although the plaintiffs' complaint did not mention the Employee Retirement Income Security Act of 1974 ("ERISA"), the suit, in fact, was a claim for benefits under an ERISA plan, falling under ERISA's civil enforcement provision, 29 U.S.C. 1132(a)(1)(B), and thus was removable to federal court. Plaintiffs responded with a motion to remand back to the Commonwealth Court, contending that their complaint was not a claim for benefits under an ERISA plan, but rather was a claim for "indemnity for wrongful discharge" pursuant to Law 80. Williamson Dickie then moved to dismiss the plaintiffs' severance pay claim, arguing that this claim was preempted by ERISA. Plaintiffs filed an opposition to this motion to dismiss, reiterating their contention that their claim for severance pay was not ERISA-based. In April 1996, the district court issued an opinion, in which it concluded that Law 80 was not an employee benefit ___ plan under ERISA. It opined that Law 80 more closely resembled the "one-time, lump-sum payment triggered by a single event requir[ing] no administrative scheme," found not preempted by ERISA in Fort Halifax Packing Co. v. Coyne, 482 ________________________ _____ U.S. 1, 12 (1987), rather than the more extensive and complex administrative obligations imposed by the Massachusetts "tin parachute" statute that this court found preempted by ERISA -3- in Simas v. Quaker Fabric Corp. of Fall River, 6 F.3d 849 _____ ___________________________________ (1st Cir. 1993). The district court concluded, therefore, that the cause of action under Law 80 was not preempted by ERISA. It determined that Williamson Dickie's motion to dismiss the plaintiff's Law 80 claim as preempted by ERISA was moot. And, it remanded the case to the Commonwealth Court. II. Section 1447(d) of Title 28 provides, subject to an exception for civil rights cases not relevant here, that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Section 1447(d) applies only if the case is remanded for the ____ reasons stated in 28 U.S.C. 1447(c)--a timely raised defect in removal procedure or lack of subject matter jurisdiction. Things Remembered, Inc. v. Petrarca, 116 S. Ct. 494, 497 ________________________ ________ (1995). But where the district court order of remand rests on lack of subject matter jurisdiction, that order is not reviewable by appeal or mandamus, even if erroneous. __ ____________________ Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 343 ________________________ _____________ (1976); Gravitt v. Southwestern Bell Tel. Co., 430 U.S. 723 _______ __________________________ (1977) (per curiam). Contrary to Williamson Dickie's contention, we interpret the district court's order of remand as a determination that it lacked subject matter jurisdiction over the removed case -4- because no federal claim had been presented to invoke the court's federal question jurisdiction. Rejection of Williamson Dickie's preemption defense was a link in the chain of reasoning. But the preemption ruling, "rather than being apart from the question of subject matter jurisdiction, [is] necessary to determine whether such jurisdiction existed." Hansen v. Blue Cross of California, 891 F.2d 1384, ______ ________________________ 1388 (9th Cir. 1989); Nutter v. Monongahela Power Co., 4 F.3d ______ _____________________ 319, 321 (4th Cir. 1993) ("The preemption findings were merely 'subsidiary legal step[s] on the way to its determination that the case was not properly removed.'") (citation omitted). After remand, the district court's ruling that the plaintiff's claim is not completely preempted by federal law "has no preclusive effect on the state court's consideration of the substantive preemption defense." Whitman v. Raley's _______ _______ Inc., 886 F.2d 1177, 1181 (9th Cir. 1989); Nutter v. ____ ______ Monongahela Power Co., 4 F.3d at 321-22 (same); Soley v. ______________________ _____ First Nat'l Bank of Commerce, 923 F.2d 406, 409 (5th Cir. _____________________________ 1991) (same); Glasser v. Amalgamated Workers Union Local 88, _______ __________________________________ 806 F.2d 1539, 1540 (11th Cir. 1987) (per curiam) (same). Because the district court's preemption finding is unreviewable, principles of collateral estoppel would not apply to preclude relitigation of the issue in state court. -5- Nutter v. Monongahela Power Co., 4 F.3d at 321-22; Whitman v. ______ _____________________ _______ Raley's Inc., 886 F.2d at 1181. ____________ The approach we take in declining to review the remand order is supported by at least four circuits. See, e.g., __________ Nutter v. Monongahela Power Co., 4 F.3d at 320-23; Soley v. ______ ______________________ _____ First Nat'l Bank of Commerce, 923 F.2d at 407-10; Hansen v. _____________________________ ______ Blue Cross of California, 891 F.2d at 1387-90; Glasser v. _________________________ _______ Amalgamated Workers Union Local 88, 806 F.2d 1539 (11th Cir. __________________________________ 1987) (per curiam). Section 1447(d) recites that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Thus, a number of circuits have considered mandamus as a vehicle for review and rejected it as well. See, e.g., Nutter v. Monongahela Power _________ ______ _________________ Co., 4 F.3d at 320-23; Soley v. First Nat'l Bank of Commerce, ___ _____ ____________________________ 923 F.2d at 407-10; In re Business Men's Assurance Co. of ________________________________________ Am., 992 F.2d 181, 182-83 (8th Cir. 1993) (per curiam). ___ Two circuit court opinions point in the other direction. In In re Life Ins. Co., 857 F.2d 1190 (8th Cir. 1988), the ____________________ Eighth Circuit considered mandamus appropriate in somewhat comparable circumstances and gave as its reason the otherwise lack of appellate review and the preclusive effect of the district court's ruling on the state court. Because the district court's preemption finding is unreviewable, principles of collateral estoppel would not apply to preclude relitigation of the issue in state court. As for the lack of -6- appellate review, this is just what Congress directed in section 1447(d). In Tingley v. Pixley-Richards West, Inc., 953 F.2d 1124 _______ ___________________________ (9th Cir. 1992), the Ninth Circuit regarded appellate review of a remand order, substantially identical to the order at issue in the case before us, as not barred by 1447(d). This approach taken by the Tingley panel, however, appears _______ inconsistent with the Ninth Circuit's own case law in Hansen ______ v. Blue Cross of California, 891 F.2d at 1388-89, and Whitman ________________________ _______ v. Raley's Inc., 886 F.2d at 1178, neither of which was _____________ cited, nor appears to have been considered, by the Tingley _______ panel. We agree with the Fourth Circuit, see Nutter v. ___ ______ Monongahela Power Co., 4 F.3d at 322-23, that the Tingley ______________________ _______ opinion therefore ought not be given weight.  The appeal in No. 96-1728 is summarily dismissed. Loc. ________________________________________________________ R. 27.1. The petition for writ of mandamus in No. 96-1737 is ________ ___________________________________________________ denied. _______ -7-