# United States Court of Appeals
## For the First Circuit

No. 00-1387

BENJAMIN CHRISTOPHER,

Plaintiff, Appellant,

v.

STANLEY-BOSTITCH, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, Chief U.S. District Judge]

Before

Torruella, Chief Judge,

Lynch and Lipez, Circuit Judges.

Arthur J. Broadhurst, with whom John F. Lakin and Broadhurst, Lakin & Lakin, were on brief, for appellant.

Christopher A. Duggan, with whom Kristen M. DeAngelo and Smith & Duggan, LLP, were on brief, for appellee.

February 27, 2001

**Per Curiam.** Plaintiff appeals from the denial of his motion to reconsider an order issued on August 11, 1998, by the federal district court, remanding the case to the state court. Plaintiff's real argument on appeal is with that portion of the order which purported to hold that the plaintiff was "judicially stopped," when the case was on remand to the state trial court, from recovering more than $75,000 in damages. We conclude we have jurisdiction to review that portion of the order and hold that once the district court concluded it lacked subject matter jurisdiction over the case, it did not retain jurisdiction to make such an estoppel determination. We order the estoppel language only stricken from the August 11, 1998, remand order.

## I.

This is a case that was originally filed in Massachusetts state court, Essex County, on June 15, 1998. Plaintiff Benjamin Christopher alleged that injuries suffered to his ankle as a result of an accident with a nail gun were attributable to Stanley-Bostitch, Inc., the manufacturer of the gun. Specifically, Christopher charged Stanley-Bostitch with failing to exercise reasonable care in the design of the nail gun, in breach of implied and/or express warranties of fitness and merchantability. While claiming "severe and permanent

damages" in the complaint, Christopher did not quantify his damages with a dollar amount.[1]

On June 23, 1998, the Essex County Superior Court remanded the action to the district court of Lawrence, Massachusetts, because Christopher had failed to allege special damages in excess of $25,000. Christopher promptly moved to re-transfer the case to superior court, a motion that was again denied for failure to allege special damages. Christopher filed a motion for reconsideration of the denial of the motion to re-transfer, this time attaching a photograph and x-ray of the injured ankle and a report from a treating physician. The report stated that permanent damage had been done to the ankle which caused chronic pain and rendered Christopher permanently disabled from the type of work that he had performed prior to his injury. On July 23, 1998, the court granted the motion for reconsideration, and the case was transferred back to superior court.

While these events unfolded in the state courts, on July 20, 1998, Stanley-Bostitch filed a notice of removal to federal court pursuant to 28 U.S.C. § 1441(a). Stanley-Bostitch claimed federal jurisdiction under diversity of citizenship, 28 U.S.C. § 1332, alleging

---

[1] Christopher did not allege specific monetary damages in accordance with Mass. Gen. Laws Ann. ch. 231, § 13B (West 2000): "No complaint in any civil action shall contain an ad damnum or monetary amount claimed against any defendant, unless such ad damnum or monetary amount claimed indicates damages which are liquidated or ascertainable by calculation . . . ."

that Christopher was a citizen of Massachusetts and that Stanley-Bostitch was a citizen of Delaware (incorporation) and Rhode Island (principal place of business). As evidence that the amount in controversy exceeded $75,000, Stanley-Bostitch offered that Christopher had received workers' compensation benefits in excess of $85,000 for his ankle injury.

In response to Stanley-Bostitch's removal action, Christopher filed an "opposition to defendant's request for removal" (effectively a motion to remand, 28 U.S.C. § 1447(c)). Christopher's motion claimed that Stanley-Bostitch had not met its burden of proof that the amount in controversy exceeded $75,000. Christopher made several assertions designed to imply that the value of the case did not exceed $75,000. First, he attached the superior court notice remanding the case to Lawrence District Court, characterizing that action as based on a "factual determination [by the superior court judge] that the plaintiff's damages could not exceed $25,000." Christopher also pointed out that the information regarding the workers' compensation settlement that had been cited by Stanley-Bostitch was not attributed to any source, reliable or otherwise. Finally, Christopher made the legal assertion that recovery of any lost wages that may have been part of the workers' compensation claim was barred by Mass. Gen. Laws Ann. ch. 152, § 15 (West 2000).

Stanley-Bostitch opposed Christopher's motion to remand. First, Stanley-Bostitch revealed the omissions and misstatements made by Christopher regarding the superior court's remand of the case to Lawrence District Court. For example, despite Christopher's citation to the superior court's "factual determination," the only factor motivating the court's remand was Christopher's failure to provide a statement regarding special damages. Christopher neglected to mention that, following remand, Christopher had twice petitioned the superior court to re-transfer the case to superior court on the grounds that "damages have greatly exceeded $25,000.00." Most importantly, Christopher did not reveal to the federal district court that the case had been re-transferred to the superior court from the state district court five days before Christopher filed his motion to remand. Put in this context, Christopher's statement that the superior court had made a "factual determination" that the case was not worth more than $25,000 was, at best, misleading and demonstrated a questionable lack of forthrightness to the federal court.

Stanley-Bostitch also provided an affidavit and a letter from CIGNA Property & Casualty attesting to the $85,000 in workers' compensation that was paid out for Christopher's injury. Stanley-Bostitch argued that, despite Christopher's assertion to the contrary, Mass. Gen. Laws Ann. ch. 152, § 15 (West 2000), does not prevent recovery of Christopher's lost wages. If Christopher recovered lost

wages from Stanley-Bostitch, CIGNA, the insurer, would be entitled to reimbursement under § 15. Reimbursement, Stanley-Bostitch asserted, would not affect the calculation of the amount in controversy for purposes of determining diversity jurisdiction.

The day after Stanley-Bostitch filed its opposition, August 11, 1998, the district court issued the following order:

> This case is ordered remanded to the Massachusetts Superior Court sitting in and for the County of Essex. The plaintiff due to the position he has asserted herein, is judicially stopped from recovering more than $75,000 in this action.

On August 13, 1998, the notice of transfer of the records to Essex Superior Courthouse was filed, and the parties found themselves back in state superior court.

On November 23, 1999, more than one year after remand to state court,[2] Christopher filed a "Motion for Clarification" with the superior court. The motion requested that the superior court disregard the portion of the district court's remand order that stopped Christopher from seeking more than $75,000 in recovery. As grounds for this request, Christopher asserted that once the district court

---

[2] Christopher has offered no explanation for the delay in requesting review of the district court's remand order. Stanley-Bostitch has pointed out that by waiting more than one year from the filing of the complaint, Christopher has blocked Stanley-Bostitch from removing the case again in the event that the "estoppel" portion of the order is vacated. 28 U.S.C. § 1446(b) ("[A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.").

determined that it lacked subject matter jurisdiction over the case, it lacked the authority to prevent Christopher from seeking more than $75,000. Stanley-Bostitch opposed the motion for clarification, characterizing the district court's action as an estoppel order, and arguing that the elements for judicial estoppel were present. After a hearing, the superior court denied Christopher's motion for clarification on February 29, 2000.

It was at this point, March 8, 2000, more than a year and a half after the federal district court remanded the case to superior court, that Christopher filed a motion for reconsideration of the remand order with the federal district court. Christopher asked the district court either to vacate the portion of the order limiting damages or, in the alternative, to revoke the remand and allow the case to proceed in federal court. In support of this motion, Christopher stated that he had never argued that the case was worth less than $75,000, but only that Stanley-Bostitch had failed to meet its burden regarding the amount in controversy. In fact, according to Christopher, "the Plaintiff has always contended that the value of this case was over $75,000.00." As proof of this, Christopher attached his motion filed in the superior court to re-transfer the case from the Lawrence District Court, the very motion that Christopher had declined to reveal to the federal court in his original motion to remand. The next day, the district court denied Christopher's motion for

reconsideration without elaboration.  Christopher appeals the denial of reconsideration to this Court.

## II.

### A.  Appellate Jurisdiction

We start with the question about this court's jurisdiction over such an appeal.  The district court remanded the case to state court.  At the time that the court issued its order remanding the case, the only ground pending for such a remand was lack of subject matter jurisdiction, either because the amount in controversy was not met, or because there was not a sufficient showing that it was met.[3]

Congress has expressly limited the jurisdiction of the courts of appeal over remand orders, providing that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise [excepting certain civil rights cases]."  28 U.S.C. § 1447(d).  This limitation is intended to prevent prolonged litigation of the remand issue, see United States v. Rice, 327 U.S. 742, 751 (1946), and to minimize interference in state court proceedings by the federal courts, for reasons of comity, see In re La Providencia Dev. Corp., 406 F.2d 251, 252 (1st Cir. 1969).  This limitation on review encompasses remands under § 1447(c) for lack of federal subject matter jurisdiction, though appellate review may be available where the

---

[3]    Appellate review has been hampered by the lack of any explanation of the district court's original remand order or of the denial of the motion for reconsideration.

-9-

district court remands on certain other grounds.  See Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 343-46 (1976).  Because the remand order in this case is based on a lack of subject matter jurisdiction, under § 1447(d) there is no appellate jurisdiction to review the remand determination.

However, that leaves the interpretation of the second sentence of the order, in which the court stated that the plaintiff was "judicially stopped" from seeking more than $75,000 in damages.  We understand this sentence to purport to determine the estoppel question in the state court proceeding.  Section 1447(d) does not allow district courts to insulate separate and severable concurrent orders from review merely by attaching those orders to a remand order.  Where the concurrent order of the court is severable from the remand order "in logic and in fact," that order may be reviewable.  See City of Waco v. United States Fidelity & Guarantee Co., 293 U.S. 140 (1934); Carr v. American Red Cross, 17 F.3d 671, 674-75 (3d Cir. 1994) ("[W]e have embraced the principle that a district court cannot prevent appellate review of a final collateral order by contemporaneously remanding a case to state court.").

Since the order issued by the district court not only remanded the case to state court but also purported to preclude the plaintiff from seeking damages in excess of $75,000, that latter portion of the order seeks to conclusively resolve estoppel issues

-10-

independent from (and unnecessary to) the remand determination. Unlike dismissal on preemption grounds, where the preemption determination is inextricably intertwined with the remand decision, here the determination that the plaintiff should be estopped is not essential to the decision to remand. Cf. Nutter v. Monongahela Power Co., 4 F.3d 319 (1993) (no review of district court's decision to remand on grounds that plaintiff's state law claim was not preempted by federal law). As such, the estoppel portion of the district court's order is subject to appellate review under the logic of City of Waco.

Alternatively, this court has previously treated attempted appeals from (possibly) unappealable orders as a petition for a writ of mandamus. See United States v. Horn, 29 F.3d 754, 769 (1st Cir. 1994); see also Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3 (1st Cir. 1999); United States v. Collamore, 868 F.2d 24, 26-27 (1st Cir. 1989). Mandamus can be appropriate in those rare cases in which the issuance of an order presents a question about the limits of judicial power, poses a risk of irreparable harm to the appellant, and is plainly erroneous, and the case for mandamus is particularly compelling where the order poses an elemental question of judicial authority. See Horn, 29 F.3d at 769-70. Were this court lacking appellate jurisdiction over the estoppel portion of the order on direct appeal, we would find this an appropriate instance for such mandamus jurisdiction and relief because the order, as discussed below, did two impermissible things:

-11-

it was entered when there was no federal jurisdiction and it purported to tell the state courts what to do.

## B.  District Court Jurisdiction

We conclude that, having determined that it lacked subject matter jurisdiction over the case, the court lacked authority to make the estoppel determination.  Indeed, it impermissibly intruded into a matter properly left to the state courts.[4]

The decision to remand the case to state court reflected the district court's conclusion that it lacked subject matter jurisdiction over the case.  When a federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case.  See Willy v. Coastal Corp., 503 U.S. 131, 137 (1992) ("A final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it."); In re Orthopedic "Bone Screw" Prods. Liab. Litig., 132 F.3d 152, 155 (3d Cir. 1997) ("If a court [ ] determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits."); Wages v. I.R.S., 915 F.2d 1230, 1234 (9th Cir. 1990) ("[W]e have held that a judge ordering a dismissal based upon lack of subject matter jurisdiction retains no power to make judgments relating to the merits of the case.") (internal quotation marks omitted).

---

[4]     While  the  scope  of  review  of  denials  of motions for reconsideration is narrow, we consider the estoppel order to be plain error.

-12-

A court without subject matter jurisdiction may retain some limited authority to protect its own independent interests in its procedures. Compare Willy, 503 U.S. at 137-39 (allowing imposition of Rule 11 sanctions for discovery violations to stand where court lacked subject matter jurisdiction over underlying matter), with United States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 76-80 (1988) (refusing to enforce civil contempt order against nonparty for violating discovery order where subject matter jurisdiction over the underlying matter was found lacking on appeal). However, whatever incidental power the court retains cannot go to the merits of the underlying action. Rather, orders relating to the merits of the underlying action are void if issued without subject matter jurisdiction. See, e.g., Shirley v. Maxicare Texas, Inc., 921 F.2d 565 (5th Cir. 1991) ("Unless a federal court possesses subject matter jurisdiction over a dispute, [ ] any order it makes (other than an order of dismissal or remand) is void."); see also Hernandez v. Conriv Realty Assoc., 182 F.3d 121, 123 (2d Cir. 1999) (district court lacking subject matter jurisdiction cannot, as sanction, dismiss case with prejudice); In re Orthopedic "Bone Screw", 132 F.3d at 155-56 (same).

Having determined that the portion of the order requiring that the plaintiff be "judicially stopped" from recovering more than $75,000 is not inextricably intertwined with the remand determination, we find that the district court was without authority to issue the

-13-

judicial estoppel order.[5] We also note that the order violated basic precepts of comity. Therefore, we vacate that portion of the order.

Subject matter jurisdiction is not a "nicety of legal metaphysics" but rests instead on "the central principle of a free society that courts have finite bounds of authority." See <u>United States Catholic Conference</u>, 487 U.S. at 77. Courts must be careful to respect these limits on their authority.

## III.

For these reasons, we remand with instructions to the district court to vacate the second sentence of the August 11, 1998 order of remand to the state court. Otherwise, the remand order remains intact. Given concerns of comity, nothing in this opinion ought to be construed to preclude the normal application of equitable principles or collateral estoppel rules by the state court. While the state court may (or may not) decide that estoppel principles apply, it

---

[5]    Apart from its jurisdictional infirmities and its infringement of comity concerns, it is not clear that the estoppel order would have been appropriate for other reasons. As a matter of federal law, unappealable decisions generally do not have preclusive weight. See <u>González-García</u> v. <u>Williamson Dickie Mfg. Co.</u>, 99 F.3d 490, 492 (1st Cir. 1996) ("Because the district court's preemption finding is unreviewable, principles of collateral estoppel would not apply to preclude relitigation of the issue in state court."); <u>Nutter</u>, 4 F.3d at 322 ("[W]e do not believe the district court's jurisdictional findings incident to remand should preclude relitigation of the same issues in state court."); <u>see also</u> Restatement (Second) of Judgments § 28(1) (stating that there is an exception to preclusion generally when "[t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action").

was not the province of the federal district court to dictate that result to the state court.  **So ordered.**