**FIRST MERCHANTS COLLECTION CORP., Plaintiff,**

v.

**REPUBLIC OF ARGENTINA, Defendant.**

**No. 99–CV–3101.**

United States District Court, S.D. Florida.

Jan. 31, 2002.

Jonathan B. Harris, Coral Gables, FL, for First Merchants Collection Corporation.

Pedro Julio Martinez–Fraga, Luis Miguel O'Naghten, Greenberg Traurig, Miami, FL, for Republic of Argentina.

### *ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS*

SEITZ, District Judge.

THIS CAUSE is before the Court on Defendant's Motion for Judgment on the Pleadings [**D.E. No. 44**]. According to the Complaint in this action, Plaintiff First Merchants Collection Corporation ("First Merchants") is the owner of right [1] of certain merchandise [2] that was confiscated and illegally converted for its own use by the Argentine government. First Merchants concedes that the merchandise illegally entered Argentina without the usual Customs monitoring or supervision and thus, was later confiscated by Argentine law enforcement officials pursuant to a criminal investigation. First Merchants contends, however, that given the recovery of the merchandise and subsequent conclusion of the original investigation, it is entitled to the return of its merchandise or be compensated for its value. Accordingly, in its one-count Complaint, First Merchants alleges that, because of this illegal conversion, it has been damaged in excess of $1 million.

In support of its motion, Defendant Republic of Argentina ("Argentina") makes four arguments: (1) Plaintiff's conversion claim is barred by Florida's statute of limitations; (2) this Court lacks subject matter jurisdiction over Argentina pursuant to the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. §§ 1601, *et seq.;* (3) the Act of State Doctrine precludes this Court from adjudicating the merits of this case; and (4) the claims must be dismissed based on *forum non conveniens.* Because Plaintiff's claim is barred by the FSIA and the Act of State Doctrine, the Court grants Argentina's motion, and will dismiss the Complaint with prejudice.

---

1. The property which is the subject matter of this lawsuit was originally owned by U.S. Computer of North America, Inc., d/b/a National Computer Distributors. Through a series of assignments, the right, title and interest of the property was ultimately assigned to First Merchants.

2. According to the Complaint, the subject merchandise includes computer hardware, peripherals, and other components. (Compl., ¶ 11).

## DISCUSSION

### Standard of Review

To obtain a judgment on the pleadings, the moving party must clearly establish that no material issue of fact remains unresolved and that it is entitled to judgment as a matter of law. *ThunderWave, Inc. v. Carnival Corp.,* 954 F.Supp. 1562, 1564 (S.D.Fla.1997) (citations omitted). This Court must examine the Complaint in the light most favorable to the non-moving party, accept the well plead factual allegations as true, and construe all allegations in favor of the Plaintiff. *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir.1998) (citations omitted).[3]

### Foreign Sovereign Immunities Act

■ The FSIA is the sole basis for obtaining subject matter jurisdiction over a foreign sovereign or its instrumentalities. *Honduras Aircraft Registry, Ltd. v. Government of Honduras,* 129 F.3d 543, 546 (11th Cir.1997). Section 1604 of the FSIA sets forth the general rule that "a foreign state shall be immune from the jurisdiction of the courts of the United States" unless one of the statutory exceptions is applicable. 28 U.S.C. § 1604. Plaintiff contends that "the involvement of Argentine officials in confiscating, converting and distributing [its] merchandise....has transformed this series of events from an apparent exercise of legitimate police power, into a commercial activity." (Pl.'s Resp. at 8). Therefore, First Merchants argues that, pursuant to 28 U.S.C. § 1605(a)(2) (the "Commercial Activity Exception"), its claim is exempt from the FSIA's general grant of immunity. Argentina, however, maintains that the activities in question are sovereign in nature and thus, not exempt from the FSIA.

Section 1605(a)(2) provides that foreign states are not immune in any case,

> in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

28 U.S.C. § 1605(a)(2). Moreover, "[t]he commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose." 28 U.S.C. § 1603(d). Accordingly, the Court need not concern itself with whether Argentina's motive was to profit financially nor whether it intended to fulfill its unique sovereign objectives. *Honduras Aircraft Registry,* 129 F.3d at 548 (citations omitted). Rather, the issue is whether Argentina's actions are the type of actions by which a private party engages in "trade and traffic or commerce." *Republic of Argentina v. Weltover, Inc.,* 504 U.S. 607, 614, 112 S.Ct. 2160, 119 L.Ed.2d 394 (1992) (citation omitted); *see also Saudi Arabia v. Nelson,* 507 U.S. 349, 360, 113 S.Ct. 1471, 123 L.Ed.2d 47 (1993) ("a foreign state engages in commercial activity...only where it acts in the manner of a private player within the market").

Based upon a plain reading of the statute and the relevant case law, this Court concludes that Argentina's activities are not commercial in nature. The seizure of goods by a nation's police force is not the type of action by which a private party engages in trade, traffic or commerce. Rather, such an action is quintessentially

---

**3.** The Eleventh Circuit treats Rule 12(b)(6) motions to dismiss and Rule 12(c) motions for judgment on the pleadings identically. *Agri-* *credit Acceptance, LLC v. Hendrix,* 32 F.Supp.2d 1361, 1364 (S.D.Ga.1998).

sovereign in nature. Whereas a foreign state's entering into a contract for the purchase of goods or services is clearly commercial because of the nature of the activity (notwithstanding a potentially sovereign purpose), the activity in this case is more akin to a nation's exercise of its police powers. *Compare Ampac Group, Inc. v. Republic of Honduras,* 797 F.Supp. 973, 976 (S.D.Fla.1992) (finding that the sale of a company is a routine commercial transaction), *and Chisholm & Co. v. Bank of Jamaica,* 643 F.Supp. 1393, 1400 (S.D.Fla.1986) ("A contract, implied or otherwise, is inherently commercial, even when the ultimate purpose behind it is government regulation."), *with John Doe I v. Unocal Corp.,* 963 F.Supp. 880, 888 (C.D.Cal.1997) (finding exercise of police powers to be acts that are peculiarly sovereign in nature).

■ Moreover, even assuming, *arguendo,* that Plaintiff's merchandise was unfairly, or even unlawfully, confiscated by Argentine officials, such does not transform a clear exercise of sovereign police power into a commercial activity. *See, e.g., Hwang Geum Joo v. Japan,* 172 F.Supp.2d 52, 64 (D.D.C.2001) (finding that an extremely outrageous, and even inhumane, abuse of police power is sovereign in nature); *See also Magnus Electronics, Inc. v. Royal Bank of Canada,* 620 F.Supp. 387, 390 (N.D.Ill.1985) ("governmental expropriation of private property is the paradigmatic instance of [sovereign activity]. Whatever else [the] alleged conduct may be termed, it is not commercial activity."). Based on the foregoing, the Court finds that Plaintiff's claim is not based upon a commercial activity and thus, not exempt from the FSIA's general grant of immunity.

### Act of State Doctrine

Even assuming, *arguendo,* that this Court does have subject matter jurisdic-tion over Plaintiff's claim pursuant to the Commercial Activity Exception, Argentina's action would, nevertheless, be immune from this Court's scrutiny under the Act of State Doctrine. Simply stated, the Act of State Doctrine limits "the courts in this country from inquiring into the validity of a recognized foreign sovereign's public acts committed within its own territory." *Fogade v. ENB Revocable Trust,* 263 F.3d 1274, 1293 (11th Cir.2001) (citation omitted). The doctrine requires that "the acts of foreign sovereigns taken within their own jurisdiction shall be deemed valid." *Id.* (citation omitted).

First Merchants argues that this doctrine is not applicable where a foreign sovereign violated its own law. To the contrary, and as illustrated by Plaintiff's failure to cite any supporting case law, this is exactly the situation where the Act of State Doctrine is applicable. As stated in the seminal case on the Act of State Doctrine, "the Judicial Branch will not examine the validity of a taking of property within its own territory by a foreign sovereign...*even if the complaint alleges that the taking violates customary international law.*" *Banco Nacional de Cuba v. Sabbatino,* 376 U.S. 398, 428, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964) (emphasis added). Although *Sabbatino* refers to a violation of international law, as opposed to a foreign sovereign's own law, the principle that a United States court shall not examine the sovereign activities of a foreign nation remains intact.

First Merchants also argues that the Act of State Doctrine has essentially been rendered moot by the passage of the FSIA. As a preliminary matter, Plaintiff has not provided any supporting case law to persuade the Court to adopt such a stance. Moreover, the Eleventh Circuit has just recently invoked the Act of State Doctrine to bar the adjudication of a for-

eign sovereign's actions. *Fogade*, 263 F.3d 1274 (11th Cir.2001). Thus, pursuant to the Act of State Doctrine, this Court is precluded from inquiring into the validity of Argentina's actions.

Because this Court finds that the FSIA bars Plaintiff's Complaint in its entirety and because the Act of State Doctrine precludes any inquiry into Argentina's actions, there is no need to address the remaining arguments Argentina asserts in support of its motion. Therefore, for the reasons set forth in this opinion, it is

ORDERED that Defendant's Motion for Judgment on the Pleadings is GRANTED and the Complaint is DISMISSED with prejudice. This case is CLOSED and any pending motions are DENIED as moot.

### ORDER ON PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT

■ THIS CAUSE is before the Court on Plaintiff's Motion to Amend or Alter Judgment [**D.E. No. 90**]. On January 31, 2002, the Court granted Defendant's motion for judgment on the pleadings and dismissed Plaintiff's complaint with prejudice for lack of subject matter jurisdiction. Plaintiff now asks this Court to amend the judgment in two respects: (1) to dismiss the complaint without prejudice so that Plaintiff will not be precluded from bringing its case in a different jurisdiction outside of the United States; and (2) to reopen the case for the limited purpose of allowing Magistrate Judge Garber to determine the amount of costs and fees to which Plaintiff is entitled pursuant to Judge Garber's January 7, 2002 Order.

When a Court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case. *Christopher v. Stanley–Bostitch, Inc.*, 240 F.3d 95, 100 (1st Cir.2001) (citation omitted). Thus, while this Court's ruling necessarily pre-

cludes Plaintiff from refiling its action in any court within the United States, such a limitation should not apply outside the nation's borders. Moreover, this Court may retain limited authority to "protect its own independent interests in its procedures." *Id.; see also Willy v. Coastal Corp.*, 503 U.S. 131, 137–39, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (allowing imposition of sanctions to stand where court lacked subject matter jurisdiction over the underlying matter). Accordingly, it is

ORDERED that Plaintiff's Motion to Amend or Alter Judgment is GRANTED. The Court's January 31, 2002 Order Granting Defendant's Motion for Judgment on the Pleadings [D.E. No. 89] is AMENDED to the extent that the Complaint is DISMISSED without prejudice.

IT IS FURTHER ORDERED that this case is reopened for the limited purpose of allowing Magistrate Judge Garber to make a final determination of costs and fees to be paid to Plaintiff pursuant to his January 7, 2002 Order.