NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
————————

No. 15-1277
————————

M.S., Minor Child through next best friend Marialisa Shihadeh; MARIALISA
SHIHADEH; RAYMOND SHIHADEH,

Appellants

v.

MARPLE NEWTOWN SCHOOL DISTRICT; MARPLE NEWTOWN SCHOOL
DISTRICT BOARD OF DIRECTORS

————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. Civ. No. 2-11-cv-05857)
District Judge: Honorable Luis Felipe Restrepo

————————

Submitted under Third Circuit LAR 34.1(a)
on October 5, 2015

Before: FUENTES, SMITH and NYGAARD, <u>Circuit Judges</u>

(Filed: December 22, 2015)

————————

OPINION[*]

————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FUENTES, Circuit Judge.

Appellants challenge the District Court's dismissal of their claims for lack of subject matter jurisdiction. For the following reasons, we will affirm the District Court's judgment in part, vacate in part, and remand for further proceedings.

I.

According to the Complaint in this action, minor child M.S.'s sister was sexually assaulted by B.C., a boy from M.S.'s high school. Over the course of three years, and despite repeated requests to the contrary, the high school placed M.S. in classes with B.C. and his brother J.C., both of whom subjected M.S. to verbal and psychological harassment. While in high school, M.S. was diagnosed with anxiety disorder and post-traumatic stress syndrome. The school nonetheless refused to assign M.S. and her harassers to different classrooms, and M.S. eventually transferred to homebound instruction to avoid contact with the brothers.

M.S. and her family (Appellants here) brought claims against the school district and its board (collectively, the "School District") under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504") and the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA"). Appellants alleged that the School District failed to accommodate M.S.'s disabilities and retaliated against her family for asserting their Section 504 and ADA rights. The District Court dismissed the Complaint with prejudice for lack of subject matter jurisdiction because Appellants failed to exhaust their

2

administrative remedies under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1482 ("IDEA").[1]

## II.

Congress enacted the IDEA to ensure that children with disabilities get access to a free appropriate public education ("FAPE").[2] The IDEA permits parents who believe their child is being denied a FAPE to file a complaint and obtain a hearing with respect to "any matter relating to the identification, evaluation, or educational placement of the[ir] child, or the provision of a free appropriate public education to such child . . . ."[3] After completing—i.e., exhausting—this administrative hearing process, an aggrieved party may seek judicial review in federal court.[4] A plaintiff's failure to exhaust administrative remedies under the IDEA deprives federal courts of subject matter jurisdiction.[5]

Section 1415(l) of the IDEA requires plaintiffs to exhaust IDEA's administrative process not only in actions brought directly under the statute, but also "in non-IDEA actions where the plaintiff seeks relief that can be obtained under the IDEA."[6] This provision "'bars plaintiffs from circumventing the IDEA's exhaustion requirement by taking claims that could have been brought under IDEA and repackaging them as claims

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's decision to dismiss the Complaint under Rule 12(b)(1). *Free Speech Coal., Inc. v. Att'y Gen.*, 677 F.3d 519, 530 (3d Cir. 2012).

[2] 20 U.S.C. § 1400(d)(1)(A).

[3] *Id.* § 1415(b)(6)(A).

[4] *Id.* § 1415(i)(2)(A).

[5] *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 272 (3d Cir. 2014).

[6] *Id.*; 20 U.S.C. § 1415(l).

under some other statute—e.g., section 1983, section 504 of the Rehabilitation Act, or the ADA.'"[7] A non-IDEA claim is subject to the IDEA's exhaustion requirement if it "relates[s] to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child."[8]

### III.

The Complaint asserts two claims under Section 504 and the ADA: (1) an accommodation claim based on the School District's failure to separate M.S. from her harassers, and (2) a retaliation claim based on the School District's response to complaints from M.S.'s mother. Appellants concede that they did not pursue administrative remedies under the IDEA prior to bringing suit, and the Complaint does not plead exhaustion under Fed. R. Civ. P. 8(a)(1). What the Complaint does establish, however, is that Appellants' claims could have been remedied through the IDEA administrative process because they relate to the "educational placement" of M.S. or to "the provision of a free appropriate public education" to M.S.

Appellants' first claim is that the School District failed to accommodate M.S.'s disabilities and denied her the benefits of the school's educational programs by refusing to place M.S. and her antagonists in separate classrooms.[9] This claim intrinsically

---

[7] *Batchelor*, 759 F.3d at 272 (quoting *Jeremy H. v. Mount Lebanon Sch. Dist.*, 95 F.3d 272, 281 (3d Cir. 1996)).

[8] *Id*. at 274 (quoting 20 U.S.C. § 1415(b)(6)(A)).

[9] *See* Compl. ¶ 45 (District "fail[ed] to accommodate M.S.'s disability by separating M.S. from J.C. and B.C."); *id.* ¶ 46 (District "interfered with, discriminated against, or denied M.S.'s participation in or receipt of benefits, services, or opportunities in the school's programs" by "failing to separate M.S. from B.C. and J.C.").

concerns M.S.'s "educational placement."  The complained-of conduct is the School District's physical placement of M.S. in particular school classrooms; the remedy, by Appellants' own admission, would have been for the School District to place M.S. in different classrooms.  Appellants' accommodation claim therefore "relates to" the "educational placement of the child" under Section 1415 of the IDEA, and could have been remedied through the IDEA administrative process.[10]  Likewise, the allegations that the School District "excluded" M.S. from participating in the school's education program or denied her the benefits and opportunities of the program all relate to the School District's provision of an "appropriate public education" to M.S. under Section 1415 and could have been raised during the IDEA administrative process.  Accordingly, the School District Court properly dismissed Appellants' accommodation claim.

Appellants' retaliation claim is likewise barred.  In *Batchelor v. Rose Tree Media Sch. Dist.*, we held that "retaliation claims related to the enforcement of rights under the IDEA must be exhausted before a court may assert subject matter jurisdiction."[11]  The Complaint alleges that M.S.'s mother "stridently campaigned to convince the district to separate M.S. from J.C. and B.C."—that is, advocated for changes in M.S.'s "educational placement" and for improvements in the school's provision of a "free appropriate public

---

[10] *See Drinker by Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 865 (3d Cir. 1996) ("educational placement" under Section 1415 encompasses physical setting in which student receives education); *D.M. v. N.J. Dep't of Educ.*, 801 F.3d 205, 215 (3d Cir. 2015) (term "educational placement" is read expansively to encompass situations which, if altered, would likely "affect in some significant way the child's learning experience" (internal quotation omitted)).

[11] 759 F.3d at 275.

education."[12]  The School District allegedly retaliated by disciplining M.S. at school, circulating an investigation report with private details about M.S. and her sister, and refusing to separate M.S. from J.C.  Because there is a "logical path to be drawn" from Appellants' claims of retaliation to the School District's failure to provide, and M.S.'s mother's efforts to obtain, a satisfactory "educational placement" and "free appropriate public education" for M.S., the retaliation claims required exhaustion.[13]

Appellants offer several arguments against dismissal, none convincing.  First, they urge us to overrule or in some way amend the holding in *Batchelor*.  But a panel of this Court may not overrule another panel's decision.[14]  Second, Appellants rely on the Supreme Court's decision in *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971), to argue that *Batchelor* should not be "retroactively" applied to this case on equitable grounds. *Chevron Oil* has been overruled, and the modern retroactivity rule is that a newly-announced federal rule applies to all open, non-final cases pending in the district courts or on appeal.[15]

Appellants also argue that this case is distinguishable from *Batchelor* because the child in that case had an Individualized Education Plan pursuant to 20 U.S.C. § 1414(d) that dictated the terms of his FAPE, while M.S. did not.  Appellants do not explain why this distinction should matter, and nothing in *Batchelor* suggests that the exhaustion

---

[12] Compl. ¶¶ 22, 55.

[13] *See Batchelor*, 759 F.3d at 274.

[14] *Pa. Pharmacists Ass'n v. Houstoun*, 283 F.3d 531, 534 (3d Cir. 2002).

[15] *See Atl. Coast Demolition & Recycling v. Bd. of Chosen Freeholders*, 112 F.3d 652, 672 (3d Cir. 1997) (citing *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749 (1995)).

requirement extends only to claimants who have already availed themselves of IDEA safeguards. Rather, *Batchelor* makes clear that *any* plaintiff raising claims that could be remedied through the IDEA's administrative process must exhaust them before filing suit.[16] Appellants next argue that *Batchelor* applies only to retaliation claims and not direct accommodation claims. This reads *Batchelor* too narrowly: the general rule announced in *Batchelor* is that *any* non-IDEA claim is subject to the exhaustion requirement if it "relates to" the "identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child."[17]

Finally, Appellants argue that their accommodation claim could not have been redressed through the IDEA administrative process because it targets the school's failure to prevent peer-to-peer bullying, rather than any particular shortfalls in M.S.'s education. This assertion is belied by the specific allegations in the Complaint. Appellants do not claim that the School District failed to discipline the harassers or intercede in the harassment as it was happening. Rather, as noted above, Appellants' specific complaint is that the school failed to place M.S. in particular classroom settings, thereby exacerbating her post-traumatic stress syndrome and anxiety disorder. Such a claim "relates to" the "educational placement" of a disabled, IDEA-eligible child, and could

---

[16] 759 F.3d at 273-74.

[17] *Id*. at 274.

have been remedied through an IDEA hearing.[18]  It therefore required exhaustion under *Batchelor*.

## IV.

For the reasons set forth above, the District Court properly determined that the Complaint should be dismissed for lack of subject matter jurisdiction.  But it was incorrect for the District Court to dismiss the case with prejudice.  Since the District Court lacked jurisdiction over the action, it had no power to render a judgment on the merits.[19]  We will therefore vacate the District Court's January 5, 2015 order to the limited extent that it dismissed Appellants' claims with prejudice, and remand for the District Court to enter an appropriate order.

---

[18] *See* 20 U.S.C. § 1414(d)(1)(A)(i)(VII) (formulation of individualized education program for disabled student must identify the specific locations at which the child is to receive special education).

[19] *See Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972) ("Dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial."); *Christopher v. Stanley-Bostitch, Inc.*, 240 F.3d 95, 100 (1st Cir. 2001) ("When a federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case.").  For the same reason, the District Court's alternative conclusion that the School District was entitled to summary judgment on Appellants' Section 504 and ADA claims was not a valid ground for entering judgment in the School District's favor.